13 CV 0108

Philip H. Gottfried
Marc J. Jason
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000

Attorneys for Plaintiff
Klauber Brothers, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x

KLAUBER BROTHERS, INC.,

          Plaintiff

   v.

KOHL'S CORPORATION

          Defendant.

- - - - - - - - - - - - - - - - - - - - - x

Civil Action No.

**COMPLAINT**

     Plaintiff Klauber Brothers, Inc. (hereinafter referred to as "Plaintiff" or "Klauber") through its attorneys, complaining of Kohl's Corporation and its subsidiaries (hereinafter collectively referred to as "Defendant" or "Kohl's") alleges as follows:

## COUNT I

    1.    This Count arises under the U.S. Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Jurisdiction is vested in this Court for this Count under 28 U.S.C. §§ 1331 and 1338 (a).

530372.2

2. Venue is proper in this district for this count under 28 U.S.C. § 1391 in that, upon information and belief, a substantial part of the events giving rise to the claim asserted in this count occurred in this district.

## THE PARTIES

3. Klauber is a corporation duly organized and existing under the laws of the State of New York, with its principal place of business at 980 Avenue of the Americas, New York, New York 10018.

4. Kohl's is, upon information and belief, a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051. Upon information and belief, Kohl's is the owner of various subsidiary corporations which are also directly responsible for the wrongful acts complained of herein. In virtue of its ownership of such subsidiaries, Kohl's is ultimately responsible for such wrongful acts. Kohl's and such subsidiary corporations are hereinafter collectively referred to herein as "Defendant" or "Kohl's."

## FACTS

5. Klauber is, and since 1859 itself or through a predecessor-in-interest, has been engaged in the design, manufacture and sale of knit lace fabrics of original and distinctive design and has, over the past decades, earned a well deserved and enviable reputation in the trade for providing unique and original lace fabric designs of high quality. Klauber sells its lace fabric designs within this judicial district, throughout the United States of America and throughout the world.

6. In or about 2001, an original design was created in lace fabric which Klauber designates as design number 1065.

7. Said 1065 lace fabric design contains material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

8. On or about January 14, 2002, Klauber's 1065 lace fabric design was published.

9. Since the publication date of the 1065 lace fabric design, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claim to copyright therein, and a Certificate of Copyright Registration has been duly received by Klauber from The Register of Copyrights pertaining to said lace fabric design No. 1065.

10. Klauber is the sole proprietor of all right, title and interest in and to the copyright in said lace fabric design No. 1065.

11. A copy of said lace fabric design No. 1065 is annexed hereto and identified as "Exhibit A."

12. A copy of the Copyright Registration Certificate obtained by Klauber for said lace fabric design No. 1065 is annexed hereto and identified as "Exhibit B."

13. Subsequent to the publication by Klauber of its fabric design No. 1065, Defendant infringed Klauber's copyright in such fabric design by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said fabric design or by causing and/or

participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code.

14. A copy of parts of one of such infringements is annexed hereto and identified as "Exhibit C."

15. All of the Defendant's infringing acts as set forth herein were performed without the permission, license or consent of Klauber and, upon information and belief, comprise willful copyright infringement.

16. Klauber has been damaged by the acts of Defendant alleged in this Count of the Complaint in an amount not as yet known, but believed to be extensive. The activities of Defendant as alleged herein with respect to Defendant's infringement are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

## COUNT II

17. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 hereof as if set forth herein in their entirety.

18. In or about 2005, an original design in lace fabric was created which Klauber designates as design number 7725.

19. Said lace fabric design contains material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

20. On or about January 7, 2005, Klauber's fabric design No. 7725 was published.

21. Since the publication date of the 7725 fabric design, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claim to copyright therein, and a Certificate of Copyright Registration has been duly received by Klauber from the Register of Copyrights pertaining to said fabric design No. 7725.

22. Klauber is the sole proprietor of all right, title and interest in and to the copyright in said fabric design No. 7725.

23. A copy of said fabric design No. 7725 is annexed hereto and identified as "Exhibit D."

24. A copy of the Copyright Registration Certificate obtained by Klauber for said fabric design No. 7725 is annexed hereto and identified as "Exhibit E."

25. Subsequent to the publication by Klauber of its pattern No. 7725, the Defendant infringed Klauber's copyright in such fabric design by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said fabric design or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code.

26. A copy of at least part of one of such infringement is annexed hereto and identified as "Exhibit F."

27. All of the Defendant's infringing acts as set forth herein were performed without the permission, license or consent of Klauber and, upon information and belief, comprise willful infringement.

28. Klauber has been damaged by the acts of Defendant alleged in this count of the Complaint in an amount not as yet known, but believed to be extensive. The activities of Defendant as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

## COUNT III

29. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 hereof as if set forth herein in their entirety.

30. In or about 2009, an original design in lace fabric was created which Klauber designates as design number 1050.

31. Said fabric design contains material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

32. On or about October 29, 2009, Klauber's fabric design no. 1050 was published.

33. Since the publication date of the 1050 fabric design, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claim to copyright therein, and a

530372.2
6

Certificate of Copyright Registration has been duly received by Klauber from the Register of Copyrights pertaining to said fabric design No. 1050.

34. Klauber is the sole proprietor of all right, title and interest in and to the copyright in said fabric design No. 1050.

35. A copy of said fabric design No. 1050 is annexed hereto and identified as "Exhibit G."

36. A copy of the Copyright Registration Certificate obtained by Klauber for said fabric design No. 1050 is annexed hereto and identified as "Exhibit H."

37. Subsequent to the publication by Klauber of its fabric design No. 1050, the Defendant infringed Klauber's copyright in such fabric design by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, a copy of said fabric design or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code.

38. A copy of at least part of one of such infringements is annexed hereto and identified as "Exhibit I." A copy of at least a part of another one of such infringements is annexed hereto and identified as "Exhibit J."

39. All of the Defendant's infringing acts as set forth herein were performed without the permission, license or consent of Klauber and, upon information and belief, comprise willful infringement.

40. Klauber has been damaged by the acts of Defendant alleged in this count of the Complaint in an amount not as yet known, but believed to be extensive. The activities of Defendant as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

## COUNT IV

41. Plaintiff repeats and realleges the allegations of paragraphs 1 through 5 hereof as if set fourth herein in their entirety.

42. In or about 1991, designs in lace were created which Klauber designates as design numbers 7087; 7088; and 7089.

43. Said lace fabric designs each contain material which is wholly original and is copyrightable subject matter under the laws of the United States of America.

44. In 1991, Klauber's 7087; 7088; and 7089 lace fabric designs were published.

45. Since the publication date of the 7087; 7088; and 7089 lace fabric designs, all of the provisions of Title 17 of the United States Code, and all of the laws governing copyright have been duly complied with by Klauber which applied to register the claims to copyright in the 7088 and 7089 lace fabric designs, and Certificates of Copyright Registration have been duly received by Klauber from the Register of Copyrights pertaining to said pattern

Nos. 7088 and 7089. Said Certificates of Registration have been supplemented. Lace fabric design No. 7087 is a derivative work with respect to the 7088 lace fabric design.

46. Klauber is, and for all times relevant hereto has been, the sole proprietor of all right, title and interest in and to the copyright in said lace fabric design Nos. 7087; 7088; and 7089.

47. A photostatic copy of a portion of said lace fabric design Nos. 7087; 7088; and 7089 are annexed hereto and identified as "Exhibits K, L and M."

48. A photostatic copy of the Copyright Registration Certificate obtained by Klauber for the lace fabric design No. 7088 is annexed hereto and identified as "Exhibit N" and a photostatic copy of the supplementation of the Copyright Registration Certificate for the lace fabric design No. 7088 is annexed hereto and is identified as "Exhibit O."

49. On April 27, 2012, Klauber, through the efforts of the undersigned, electronically filed an application to register the claim to copyright in its lace fabric design No. 7087. A copy of that application and accompanying lace fabric representations are annexed hereto and collectively identified as "Exhibit P." On or about Friday, May 11, 2012, Registration Specialist Wilber King of the Visual Arts Division of the U.S. Copyright Office advised the undersigned that he had compared lace fabric design Nos. 7087 and 7088 and that he couldn't tell the difference. He further stated that the Copyright Office does not register changes in size or format of a previously-registered work. He requested that Klauber's attorneys "point out the specific differences between the two [works because he] just can't see any." A copy of Mr. King's e-mail to Klauber's undersigned attorney that filed the application of Exhibit P is annexed hereto and identified as "Exhibit Q." The response of Klauber's attorney to Mr. King is

annexed hereto and identified as "Exhibit R." By a letter of May 15, 2012, the U.S. Copyright Office formally refused registration of the claim to copyright of Klauber's lace fabric design No. 7087 on the grounds that nothing is contained therein "that was not already registered via the "'Pattern 7088.'" A copy of that May 15, 2012 refusal of registration is annexed hereto and identified as "Exhibit S."

50. Subsequent to the publication by Klauber of its lace fabric design Nos. 7087; 7088; and 7089, Kohl's infringed Klauber's copyrights in such fabric designs by importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising, copies of said lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising thereof, all in violation of the rights of Klauber under Section 106 of the Copyright Law, title 17 of the United States Code. Photostatic copies of at least a part of one infringement of said lace fabric design Nos. 7087 and 7088 which Kohl's either manufactured or had manufactured for it and sold, is annexed hereto and is identified as "Exhibit T."

51. All of Kohl's acts as set forth herein, were performed without the permission, license or consent of Klauber.

52. Plaintiff Klauber has been damaged by the acts of Kohl's alleged in this Count of this Complaint in an amount not as yet known, but believed to be extensive. The activities of Kohl's as alleged herein are further and continuously damaging Klauber in a manner with respect to which Klauber has no adequate remedy at law.

WHEREFORE, Plaintiff Klauber demands:

A. A preliminary and permanent injunction restraining, enjoining and prohibiting Defendant Kohl's and its officers, servants, agents, employees, attorneys and representatives, and each of them, and those persons in active concert or participation with it or them from infringing the copyrights of Plaintiff Klauber as recited herein including, but not limited to, preventing them from importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising copies or infringements of such lace fabric designs or by causing and/or participating in such importing, reproducing, displaying, knitting, manufacturing, weaving, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

B. That Defendant Kohl's be required to recall from all recipients thereof and deliver to Plaintiff Klauber for destruction, all copies or infringements of Plaintiff Klauber's copyrighted lace fabric designs referred to herein used for infringement of Klauber's copyrights therein, as well as all molds, stencils, plates, or other materials for making such infringing matter in the possession or under the control of Defendant Kohl's or any of its agents, servants, employees, attorneys or other persons in privity with it or them.

C. That Defendant be required to pay to Plaintiff Klauber such damages as Plaintiff Klauber has sustained in consequence of the infringement by

530372.2                                                11

Defendant of Plaintiff Klauber's copyrighted fabric designs and to account for all gains, profits and advantages relative to such infringements to be allowed Plaintiff Klauber by the Court or, in the alternative at its election, to award Klauber statutory damages.

D. That Defendant Kohl's be required to pay Plaintiff Klauber's attorneys' fees and costs in this action.

E. That Plaintiff Klauber have such other and further relief as this Court may deem just and appropriate.

>AMSTER, ROTHSTEIN & EBENSTEIN LLP
>Attorneys for Plaintiff
>90 Park Avenue
>New York, NY  10016
>212-336-8000 (main)
>212-336-8001 (facsimile)
>pgottfried@arelaw.com (e-mail)
>
>*/s/ Philip H. Gottfried*
>Philip H. Gottfried

Dated: New York, New York
January 4, 2013